IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| United States of America, | ) | Criminal No.: 4:12-cr-00740-RBH |
| | ) | |
| v. | ) | |
| | ) | |
| Jimmy Davis. | ) | **ORDER** |
| | ) | |

This matter is before the Court after Defendant Jimmy Davis appealed the plea accepted and sentence imposed by United States Magistrate Judge Thomas E. Rogers, III.[1] Defendant's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there were no meritorious issues but addressing whether Defendant's change of plea hearing complied with Rule 11 of the Rules of Criminal Procedure and whether Defendant's one-year prison sentence was procedurally and substantively reasonable in light of the Sentencing Guidelines and 18 U.S.C. § 3553(a). Defendant's counsel ultimately concluded "that there are no legal issues that were not properly raised or disposed of by the [Magistrate Judge] and that there are no grounds for appeal in this case to [this Court]." *Anders* Br. 13-14, ECF No. 75. After reviewing Defendant's *Anders* brief, the Court dispenses with oral arguments[2] and affirms the judgment of the Magistrate Judge.

Defendant pled guilty to a lesser-included offense of simple assault of a federal corrections officer while he was imprisoned at the Bennettsville Federal Corrections Institution, a violation of 18 U.S.C. § 111(a)(1). Subsequently, the Magistrate Judge sentenced Defendant to a maximum term of one year's imprisonment prison followed by a one-year period of supervised release.[3]

---

[1] Both Defendant and his counsel filed notices of appeal with this Court. ECF Nos. 55, 58.
[2] Under Local Criminal Rule 12.06 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion. Unless so ordered, motions may be determined without a hearing." The Court finds a hearing would not aid in the decisional process.
[3] Defendant was also ordered to pay restitution totaling $1,747.56 and a $25 special assessment. Sentencing Hr'g Tr. 8-9, ECF No. 65.

Because Defendant was already serving a federal sentence imposed by a United States District Judge in the District Court of the Virgin Islands, the Magistrate Judge ordered that his one-year prison sentence run concurrently with the sentence Defendant was serving.

Rule 58(g)(2)(B) of the Federal Rules of Criminal Procedure provides that "[a] defendant may appeal a magistrate judge's judgment of conviction or sentence to a district judge within 14 days of its entry." However, "[t]he defendant is not entitled to a trial de novo by a district judge. The scope of the appeal is the same as in an appeal to the court of appeals from a judgment entered by a district judge." Fed. R. Crim. P. 58(g)(2)(D); *see also* 18 U.S.C. § 3742(h) ("An appeal of an otherwise final sentence imposed by a United States magistrate judge may be taken to a judge of the district court, and this section shall apply . . . as though the appeal were to a court of appeals from a sentence imposed by a district court."); *United States v. Bursey*, 416 F.3d 301, 305 (4th Cir. 2005).

Because Defendant did not seek a withdrawal of his guilty plea before the Magistrate Judge, any errors in the Rule 11 hearing are reviewed for plain error. *United States v. Martinez*, 277 F.3d 517, 525–26 (4th Cir. 2002). "To establish plain error, [a litigant] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." *United States v. Muhammad*, 478 F.3d 247, 249 (4th Cir. 2007). Even if Defendant satisfies these requirements, the Court retains discretion to correct the error, which it should not exercise unless the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* A review of the record establishes that the Magistrate Judge complied with Rule 11's requirements, ensuring that Defendant's plea was knowing and voluntary, that he understood the rights he was giving up by pleading guilty and the sentence he faced, and that he committed the offense to which he was pleading guilty. Accordingly, the Court affirms Defendant's conviction.

The Court reviews Defendant's sentence under an abuse of discretion standard, assessing it for procedural and substantive reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007). A review of the record reveals that the Magistrate Judge properly calculated Defendant's Guidelines range and offered a sufficiently reasoned explanation for the sentence imposed. Thus, the sentence is procedurally reasonable. Furthermore, Davis's sentence, while it is the statutory maximum, is substantively reasonable[4] in light of the factors listed in 18 U.S.C. § 3553(a), falling within the Guideline range. *See* U.S. Sentencing Guidelines Manual § 5G1.1(a) ("Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence."). Accordingly, the Court affirms Defendant's sentence.

In accordance with *Anders*, the Court has reviewed the entire record and has found no meritorious issues for appeal. The judgment of the Magistrate Judge is, therefore, **AFFIRMED**. This Court requires that counsel inform Defendant, in writing, of the right to appeal to the United States Court of Appeals for the Fourth Circuit for further review.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>
R. Bryan Harwell<br>
United States District Judge

Florence, South Carolina
April 11, 2013

---

[4] Interestingly, Defendant, at the change of plea hearing, indicated that "[h]e would like to waive his presentence report and agree to a 12-month sentence." Guilty Plea Hr'g Tr. 19, ECF No. 77. However, the Magistrate Judge, noting that an issue with restitution needed to be cleared up, declined to sentence him before a presentence report was prepared. *Id.* at 20.